1  BRIAN T. DUNN, ESQ (SBN 176502)
2  MARIEL A. GERLT, ESQ (SBN 251119)
   **THE COCHRAN FIRM – LOS ANGELES**
3  4929 Wilshire Boulevard, Suite 1010
   Los Angeles, California 90010
   Telephone (323) 931-6200
4  Facsimile (323) 931-9521

5  Attorneys for Plaintiff ROMARION WHITE

6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10  ROMARION WHITE, an individual          ) **CASE NO.:**

11                                         ) **CV11-01439** GAF(AJWx)
         Plaintiff,                        ) **COMPLAINT FOR DAMAGES**
12
                                           ) **1. Violations of Civil Rights (42**
13       vs.                               ) **U.S.C. § 1983).**
14
    COUNTY OF LOS ANGELES, a               )
15  municipal entity, and DOES 1 through   ) **DEMAND FOR JURY TRIAL**
16  10, inclusive,                         )
17       Defendants.                       )
18                                         )
19
20
21
22
23
24  ///
25  ///
26  ///
27
28

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1.    Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and sections 1331 and 1367(a).

2.    Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

## PARTIES

3.    Plaintiff ROMARION WHITE is, and at all relevant times herein, was a resident of the County of Los Angeles, State of California.

4.    Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and at all times mentioned herein was a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

5.    Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY DOE ONE (identity and badge number unknown) is and at all relevant times mentioned herein was, a resident of the State of California and County of Los Angeles. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY DOE ONE, was a deputy sheriff, and was acting in the course and scope of his employment with the COUNTY OF LOS ANGELES and the Los Angeles County Sheriff's Department.

6.    Plaintiff is informed and believes and thereupon alleges that Defendant DEPUTY DOE TWO (identity and badge number unknown) is and at all relevant times mentioned herein was, a resident of the State of California and County of Los Angeles. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY DOE TWO, was a deputy sheriff, and was acting in the course and scope of his employment with the COUNTY OF LOS ANGELES and the Los Angeles County Sheriff's Department.

7.    Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOE Defendants.  Plaintiff will amend this complaint to allege said

Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifference, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.    Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

## FACTS COMMON TO ALL COUNTS

10.    This Complaint concerns a deputy involved shooting which occurred at approximately 10:00 p.m. on Saturday, February 5, 2011, at or around the 3200 block of Thomas Avenue, in the City of Palmdale, and County of Los Angeles. At or around that day and time, Plaintiff ROMARION WHITE was standing and/or walking in the vicinity of the 3200 block of Thomas Avenue when heretofore unknown Defendant DOE Deputies, employed by the County of Los Angeles and the Los Angeles County Sheriff's Department, negligently assessed the circumstances presented to them, and violently confronted and unjustifiably detained ROMARION WHITE without probable cause or reasonable suspicion to believe that ROMARION WHITE had

-3-

1  committed a crime, or would commit a crime in the future.  Without warning, the
2  Defendant deputies, including DOE ONE and DOE TWO discharged their department-
3  issued firearms at the person of ROMARION WHITE while he was present on the
4  street, shooting him in his side, back and spine.  Defendant deputies fired several shots
5  at ROMARION WHITE in this subject incident.  Following the shooting, the involved
6  deputies denied medical care to ROMARION WHITE in a manner that demonstrated
7  deliberate indifference to his constitutional rights.  At no time during the course of
8  these events did ROMARION WHITE pose any reasonable threat of violence to the
9  shooting deputies, including DOES 1-10, nor did he do anything to justify the force
10  used against him, and the same was deadly, excessive, unnecessary, and unlawful.
11  ROMARION WHITE suffered severe injuries as a direct and proximate result of these
12  gunshot wounds, including emergent surgery, hospitalization and paralysis.

13      11.   Both prior to and during the time in which he was shot, ROMARION
14  WHITE was not armed with any kind of weapon, and posed no reasonable threat of
15  violence to any deputy, including DEPUTY DOE ONE and DOE TWO or to any other
16  individual.  Both prior to and during the time in which he was shot, ROMARION
17  WHITE made no aggressive movements, no furtive gestures, and no physical
18  movements which would suggest to a reasonable deputy that he was armed with any
19  kind of weapon, or had the will, or the ability to inflict substantial bodily harm against
20  any individual.

21      12.   Additionally, Plaintiff contends that Defendant DEPUTY DOE ONE and
22  DEPUTY DOE TWO were negligently trained and had not received sufficient training
23  to respond to the subject incident.  Plaintiff further contends that the County of Los
24  Angeles and Sheriff's department hired, trained, supervised, employed and/or managed
25  the involved deputies, including DOES ONE and TWO, with conscious disregard of
26  and deliberate indifference to the constitutional rights of third parties, in that it was
27  plainly obvious to the County and Sheriff's Department that the involved deputies
28  were dangerous and violent employees, prone to discharge firearms without reasonable

justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical force without reasonable justification. Because adequate scrutiny of the involved deputies' backgrounds would have led reasonable policymakers within the County and Sheriff's Department to conclude that the plainly obvious consequence of the decision to hire the involved deputies would lead to the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, Plaintiff contends that the County and Sheriff's Department were deliberately indifferent to his federally protected rights when they hired, retained, and later supervised said involved Defendant DEPUTIES, including DOES ONE and TWO.

13. Plaintiff further contends that Defendant DEPUTY DOE ONE and DEPUTY DOE TWO, the County of Los Angeles and agents and employees of the Los Angeles County Sheriff's Department, including DOES 3 through 10, have conspired to and continue to ratify the actions of the defendant DOE DEPUTIES ONE and TWO, notwithstanding direct and circumstantial knowledge of their unconstitutional conduct.

## FIRST CAUSE OF ACTION

### (By Plaintiff ROMARION WHITE Against All Defendants For Violations Of Civil Rights [42 U.S.C. § 1983])

14. Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

15. At or around 10:00 p.m. on Saturday, February 5, 2011, at or around the 3200 block of Thomas Avenue, in the City of Palmdale, and County of Los Angeles. At or around that day and time, Plaintiff ROMARION WHITE was standing and/or walking in the vicinity of the 3200 block of Thomas Avenue when heretofore unknown Defendant DOE Deputies, employed by the County of Los Angeles and the Los Angeles County Sheriff's Department, negligently assessed the circumstances

1  presented to them, and violently confronted and unjustifiably detained ROMARION
2  WHITE without probable cause or reasonable suspicion that ROMARION WHITE
3  had committed a crime, or would commit a crime in the future.  Without warning, the
4  Defendant deputies, including DOE ONE and DOE TWO discharged their department-
5  issued firearms at the person of ROMARION WHITE while he was present on the
6  street, shooting him in his side, back and spine.  Defendant deputies fired several shots
7  at ROMARION WHITE in this subject incident.  Following the shooting, the involved
8  deputies denied medical care to ROMARION WHITE in a manner that demonstrated
9  deliberate indifference to his constitutional rights.  At no time during the course of
10 these events did ROMARION WHITE pose any reasonable threat of violence to the
11 shooting deputies, including DOES 1-10, nor did he do anything to justify the force
12 used against him, and the same was deadly, excessive, unnecessary, and unlawful.
13 ROMARION WHITE suffered severe injuries as a direct and proximate result of these
14 gunshot wounds, including emergent surgery, hospitalization and paralysis.

15     16.    At all times relevant to the act and omissions herein alleged, including
16 the time in which DOE DEPUTIES ONE and TWO shot Plaintiff ROMARION
17 WHITE multiple times, ROMARION WHITE was not armed with any weapon, and
18 posed no reasonable threat of violence to DOE DEPUTIES ONE and TWO, nor to any
19 other person.  Prior to and during the time in which Plaintiff ROMARION WHITE
20 was assaulted and battered as described herein, Plaintiff ROMARION WHITE made
21 no aggressive movements, no furtive gestures, and no physical movements which
22 would suggest to a reasonable deputy that he was resisting arrest or delaying a deputy
23 in the performance of his duties.

24     17.    This cause of action is to redress the deprivation, under color of statute,
25 ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and
26 immunities secured to plaintiff by the Fourth Amendment to the Constitution of the
27 United States, including, but not limited to, the right to be free from unreasonable
28 governmental seizures and the use of excessive force.

18.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed defendant DOE DEPUTIES ONE and TWO and DOES 3-10.    The Defendant COUNTY provided DOE DEPUTIES ONE and TWO, and DOES 3-10 with official badges and identification card(s) which designated and described the DOE DEPUTIES ONE and TWO and DOES 3 through 10 as employees of the COUNTY and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

19.     At all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and COUNTY.  Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to:

      a.  the right to be free from unreasonable searches and seizures;

      b.  the right to be free from the use of excessive force.

20.     On or about February 5, 2011, DOE DEPUTIES ONE and TWO assaulted and battered Plaintiff ROMARION WHITE, as previously described, causing permanent paralysis and paraplegia.  Further, that such assault and battery constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff ROMARION WHITE'S constitutional right to be free from unreasonable searches and seizures and the use of excessive force. In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the COUNTY to properly train DOE DEPUTIES ONE and TWO; further, Plaintiff was subjected to the above deprivations as a result of the COUNTY'S hiring and retention of DOE DEPUTIES ONE and TWO, in that it was plainly obvious to the County and Sheriff's Department that the involved deputies were dangerous and violent employees, prone to discharge their firearms without reasonable justification, and in a manner that

demonstrates callous disregard for the rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical force without reasonable justification, all of which was indicative of a policy, practice, and custom of the COUNTY to negligently hire police officers and/or deputy sheriffs.

21.    The facts alleged above are part of the customs, practices, policies and decisions of Defendant COUNTY, including, but not limited to, the following:

a.  Using grossly excessive force on citizens;

b.  Refusing to supervise, reprimand, and/or discipline law enforcement officers/deputies who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force and the conducting of unlawful searches and seizures by officers, deputies and agents;

c.  Inadequately training and supervising employees of the governmental entity, Defendants herein, with respect to the apprehension of suspects, the existence of probable cause, the reasonable and proper use of force, the reasonable proper procedures for the apprehension of suspects following foot pursuits, and the investigation of police misconduct.

22.    That the above acts and/or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.   Likewise, the customs, practices, policies, and decisions of the COUNTY alleged herein and as applied to Plaintiff ROMARION WHITE, resulted in violation of Plaintiff ROMARION WHITE'S constitutional rights.

23.    That the above acts, omissions, customs, practices, and/or decisions of the COUNTY, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary, and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the

1  course of protecting persons or property, or ensuring civil order.  The above acts,
2  omissions, decisions, customs, practices, or policies were consciously chosen from
3  among various alternatives.

4      24.    Plaintiff is informed and believes, and thereupon alleges, the details of
5  this incident have been revealed to the authorized policy makers within the COUNTY
6  and the SHERIFF'S DEPARTMENT, and that such policy makers have direct
7  knowledge of the fact that this incident, as detailed herein, was not justified, but rather
8  represented an unconstitutional display of unreasonable, excessive force.
9  Notwithstanding this knowledge, the authorized policy makers within the COUNTY
10  and the SHERIFF'S DEPARTMENT have approved of Defendant DOE DEPUTIES
11  ONE and TWO conduct, and have made a deliberate choice to endorse DOE
12  DEPUTIES ONE and TWO'S conduct, and the basis for that conduct.  By so doing,
13  the authorized policy makers within the COUNTY and the SHERIFF'S
14  DEPARTMENT have shown affirmative agreement with the individual Defendant
15  deputy's actions, and have ratified the unconstitutional acts of the individual
16  Defendant DOE DEPUTIES ONE and TWO.

17      25.    Plaintiff has the Fourth Amendment right to be free from unreasonable
18  searches and seizures, the right to be free from punishment absent criminal conviction,
19  and the right to be free from the use of unreasonable and excessive force.  All of these
20  rights and privileges are secured to Plaintiff by the provisions of the Fourth
21  Amendment to the United States Constitution, and by 42 U.S.C. § 1983.  All of these
22  interests were implicated by the wrongful conduct of the Defendants, and each of
23  them, including DOES 1 through 10, inclusive, which proximately caused severe and
24  permanent injuries to plaintiff.

25      26.    Each of the individual Defendants, including DOE DEPUTIES ONE and
26  TWO, and the municipal Defendants acted in concert, and each of the individual
27  defendants, acted willfully, knowingly, with reckless disregard and callous
28  indifference, and purposefully with the intent to deprive plaintiff of his rights and

1  privileges, and did in fact violate the aforementioned rights and privileges, entitling

2  plaintiff to punitive and exemplary damages in an amount to be proven at the trial of

3  this matter.

4      27.    Due to the wrongful, intentional, and malicious acts of each of the

5  Defendants, Plaintiff ROMARION WHITE has been placed in great fear, and has

6  suffered, and continues to suffer, extreme and severe mental anguish as well as mental

7  and physical pain and injury, including debilitating physical injuries, including but not

8  limited to paralysis.  As a proximate result of each of the Defendants' conduct,

9  Plaintiff ROMARION WHITE was required to employ, and did in fact employ,

10  physicians, surgeons, and psychiatrists to examine, treat, and care for him.

11  Consequently, Plaintiff ROMARION WHITE has incurred, and continues to incur,

12  medical expenses in an amount to be determined according to proof at trial.

13      28.    As a further result of the conduct and/or omissions of each of these

14  Defendants, Plaintiff ROMARION WHITE has lost past and future earnings in an

15  amount to be determined according to proof at trial.

16      29.    Plaintiffs are entitled to and hereby demand costs, attorney fees and

17  expenses pursuant to 42 U.S.C. § 1988.

18

19  **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

20      1.    For general damages in an amount to be determined according to proof at

21  trial;

22      2.    For medical and related expenses according to proof at trial;

23      3.    For costs of suit incurred herein;

24      4.    For punitive damages against the individual defendants in an amount to be

25      determined according to proof at trial;

26      5.    For attorneys' fees and expert witness fees incurred herein; and,

27      6.    For such other and further relief as the Court deems just and proper.

28  ///

COMPLAINT FOR DAMAGES

1

## JURY DEMAND

2      Plaintiff ROMARION WHITE hereby demands that a jury be empanelled for

3  the trial of this matter.

4

5

6  DATED:  February 2, 2011              Respectfully submitted,

7                                        THE COCHRAN FIRM – LOS ANGELES

8

9

10  By:

11          BRIAN T. DUNN, Esq.
            MARIEL A. GERLT, Esq.
12          Attorneys for Plaintiff
            ROMARION WHITE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 1439 GAF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| ROMARION WHITE | COUNTY OF LOS ANGELES |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| BRIAN T. DUNN, ESQ. (SBN 176502)<br>MARIEL A. GERLT, ESQ. (SBN 251119)<br>THE COCHRAN FIRM<br>4929 Wilshire Boulevard, Suite 1010<br>Los Angeles, CA  90010<br>(323) 931-6200 | |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____   CV11-01439

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[X] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** BRIAN T. DUNN   Date February 16, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ROMARION WHITE, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV11- 01439 GAF (AJWX) |
| v. | |
| COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 through 10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

    A lawsuit has been filed against you.

    Within 21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, BRIAN T. DUNN_____ , whose address is The Cochran Firm, 4929 Wilshire Blvd., Suite 1010, Los Angeles, CA 90010  . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated:   FEB 1 6 2011

By: _____
         Deputy Clerk

*(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                     **SUMMONS**                            CCD-1A